UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA GEARHART,

        Plaintiff,

                                                    Case Number 12-14465
v.                                                 Honorable David M. Lawson

LINCOLN NATIONAL LIFE INSURANCE
COMPANY and INDEPENDENT BANK
CORP. LTD PLAN,

        Defendants.

_____/

## ORDER DENYING LIMITED DISCOVERY PURSUANT TO PROCEDURAL CHALLENGE AND AMENDING SCHEDULING ORDER

The plaintiff filed the present action to recover disability benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). After the Court entered a scheduling order, the plaintiff filed a procedural challenge to the administrator's decision based on an alleged conflict arising from the defendants' dual functions as claims adjudicator and benefits payor. The heart of the challenge is the relationship between the defendants and the medical review company the defendants retained to evaluate the plaintiff's medical records. The plaintiff seeks discovery to explore that relationship.

The general rule is that review of a denial of benefits by a district court is confined to the administrative record developed by the plan administrator, and therefore no discovery is necessary. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998) (citing *Perry v. Simplicity Engin'g*, 900 F.2d 963, 966 (6th Cir. 1990)). However, where the plaintiff alleges that she has been denied due process by the plan administrator, or the administrator was burdened with a conflict of interest — issues on which the administrative record itself would shed no light — circuit precedent

permits additional evidence relevant to those issues to be presented to the district court. *Id.* at 618 (Gilman, J. concurring) (citing *VanderKlok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610, 617 (6th Cir. 1992)). A corresponding right to discovery on those issues has been recognized, as the plaintiff claims here. *Id.* at 619; *Johnson v. Ct. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009).

The Sixth Circuit has recognized the relevance of the potential bias of a plan administrator that arises from the structural conflict of interest created by the administrator's dual roles of adjudicator and benefits payor. *Kalish v. Liberty Mut./Liberty Life Assurance of Boston*, 419 F.3d 501, 508 (6th Cir. 2005); *see also Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 293 n.2 (6th Cir. 2005). Notably, in *Calvert*, the court lamented the *absence* of pretrial discovery: "The Court would have a better feel for the weight to accord this conflict of interest if Calvert had explored the issue through discovery. While Calvert's counsel asserted that it was his understanding that discovery is never permissible in an ERISA action premised on a review of the administrative record, an exception to that rule exists where a plaintiff seeks to pursue a decision-maker's bias." *Calvert*, 409 F.3d at 293 n.2.

The relevance of a plan administrator's potential conflict of interest in cases where the plan confers discretion on the administrator and judicial review employs a deferential standard was affirmed by the Supreme Court in *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105 (2008). The Court found that "the fact that a plan administrator both evaluates claims for benefits and pays benefits claims creates the kind of 'conflict of interest'" a reviewing court should consider, 554 U.S. at 112, but the extent and effect of that conflict depends on the facts of each case. *Id.* at 116-17.

The relevance of the plan administrator's structural conflict of interest fades, however, when one considers that the standard of review in a given case does not require deference. In this case, the parties agree that the Court must give fresh review to the administrative record without any deference to the plan administrator. Because the standard of review is *de novo*, it matters little whether a structural conflict exists. Consequently, there is no need to order discovery to explore the relationship between the medical evaluator and the defendants.

Accordingly, it is **ORDERED** that the plaintiff's procedural challenge is **OVERRULED**.

It is further **ORDERED** that the plaintiff's request for discovery is **DENIED**.

It is further **ORDERED** that the scheduling order is **AMENDED** as follows: the parties shall file their cross motions on the administrative record and joint appendix **on or before June 3, 2013**. The balance of the scheduling order remains in full force and effect.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 12, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL